COMMONWEALTH OF MASSACHUSETTS

ESSEX, SS.
                                                     LAWRENCE SUPERIOR COURT
                                                     CIVIL ACTION NO. 03-2296-C

JOSEPH'S PASTA COMPANY, INC.,
Plaintiff,

v.

LANDSTAR LOGISTICS, INC.
CSX TRANSPORTATION, INC.,
MANCHESTER MOTOR FREIGHT,
INC. and R.W.G. AND LOGISTICS, INC.,
Defendant.

## FIRST AMENDED COMPLAINT

### Introduction

Plaintiff, Joseph's Pasta Company, Inc. ("Joseph's") brings this First Amended Complaint, pursuant to 49 U.S.C. §14706, arising out of the interstate shipment of certain equipment. In May, 2002, Joseph's contracted with Defendant, Landstar Logistics, Inc. ("Landstar"), to have certain pasta equipment shipped from Orlando, Florida to Haverhill, Massachusetts. Landstar subsequently used Defendant, CSX Transportation, Inc. ("CSX"), Manchester Motor Freight, Inc. ("MMF"), and R.W.G. and Logistics, Inc. ("RWG") to ship Joseph's freight. Upon receipt of the equipment, Joseph's discovered that there had been extensive damage. As a result, Joseph's incurred significant costs in repairing the equipment. Accordingly, Joseph's brings this action to recover its costs in repairing the equipment pursuant to 49 U.S.C. §14706.

A TRUE COPY, ATTEST
_____
DEPUTY ASS'T. CLERK

{A9299\67008\A0059103.1}

## Parties

1. Plaintiff, Joseph's Pasta Company, Inc., is a corporation duly organized and existing under the laws of the Commonwealth of Massachusetts, with a principal place of business in Haverhill, Massachusetts.

2. Defendant, Landstar, on information and belief, is a corporation organized and existing under the laws of the State of Florida with a principal place of business in Jacksonville, Florida.

3. Defendant, CSX, on information and belief, is a corporation organized and existing under the laws of the state of Florida with a principal place of business in Jacksonville, Florida.

4. Defendant, MMF, on information and belief, is a corporation organized and existing under the laws of the State of New Hampshire with a principal place of business at 183 Hayward Street, Manchester, New Hampshire.

5. Defendant, R.W.G. and Logistics, Inc., on information and belief, is a corporation organized and existing under the laws of the Commonwealth of Massachusetts with a principal place of business at 468 Canal Street, Lawrence, Massachusetts.

## Venue and Jurisdiction

6. Venue and jurisdiction are proper in this Court under 49 U.S.C. §14706 (d).

## Facts

7. In December, 2001, Joseph's purchased certain assets from Consolidated Food Management, Inc. d/b/a La Romagnola, located in Orlando, Florida.

8. On May 3, 2002, Joseph's contracted with Landstar to ship certain pasta equipment (the "Equipment") from Orlando to Haverhill, Massachusetts.

9. On May 3, 2002, CSX, a subcarrier engaged by Landstar, transported the Equipment from Orlando to Manchester, New Hampshire, to the custody of Manchester Motor Freight ("MMF"). At the time Landstar and CSX took control of the Equipment, the Equipment was in good condition.

10. Shortly thereafter, MMF delivered the Equipment to RWG in Lawrence, Massachusetts.

11. On information and belief, at the time that the Equipment was delivered to MMF, the trailer containing the Equipment was sealed.

12. On May 8, 2002, Joseph's, and its agents, received the Equipment. When the seal was removed, and the container opened, it was discovered that the Equipment was damaged.

13. By letter dated June 19, 2002, Joseph's notified Landstar that the Equipment had been damaged during transit and asked to be reimbursed for its damages.

14. By letter July 9, 2002, Landstar, through Claims Management Corporation ("CMC"), denied Joseph's claim, a true and complete copy of which letter is attached hereto as Exhibit A.

### Count I
### (Violation of 49 U.S.C. §14706)

15. Joseph's hereby realleges and repeats its allegations contained in paragraphs 1 through 13 of this Complaint.

16. Based on the foregoing, Defendants are liable to Joseph's, pursuant to 49 U.S.C. §14706, for the damages sustained to the Equipment during transit.

17. As a direct and proximate result of Defendants' breach of 49 U.S.C. §14706, Joseph's has been damaged.

WHEREFORE, Plaintiff, Joseph's Pasta Company, Inc., respectfully requests that this Court grant the following relief:

a. Grant relief in its favor on Count I of the First Amended Complaint, in an amount to be determined at trial, plus continuing interest and costs;

b. Award Plaintiff its reasonable attorneys' fees; and

c. Grant such other and further relief as justice may require.

JOSEPH'S PASTA COMPANY, INC.
By its attorneys,

_____
Mark J. Sampson, BBO #552808
William J. Donahue, BB0 #631229
DEVINE, MILLIMET & BRANCH
300 Brickstone Square, 9th Floor
P.O. Box 39
Andover, MA 01810
(978) 475-9100