COMMONWEALTH OF MASSACHUSETTS

ESSEX, SS:                              LAWRENCE SUPERIOR COURT
                                        CIVIL ACTION NO:  03-2296-C

| | |
|---|---|
| JOSEPH'S PASTA COMPANY, INC., | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| | ) |
| V. | ) |
| | ) |
| LANDSTAR LOGISTICS, INC., CSX | ) |
| TRANSPORTATION, INC., MANCHESTER | ) |
| MOTOR FREIGHT, INC. and R.W.G. AND | ) |
| LOGISTICS, INC., | ) |
| | ) |
| DEFENDANTS. | ) |

**ANSWER, JURY DEMAND AND CROSS-CLAIMS OF DEFENDANT,
MANCHESTER MOTOR FREIGHT, INC. TO PLAINTIFF'S FIRST
AMENDED COMPLAINT**

**FIRST DEFENSE**

**INTRODUCTION**

The defendant, Manchester Motor Freight, Inc. ("Manchester"), denies the
allegations of the Introductory Paragraph of the Plaintiff's First Amended
Complaint to the extent that any such allegations pertain to it. The defendant,
Manchester states that the remainder of the allegations of the Introductory
Paragraph of the Plaintiff's First Amended Complaint do not pertain to it and as
such, no response is required.

**Parties**

1.    The defendant, Manchester states that it is without knowledge or information
      sufficient to form a belief as to the truth of the allegations of Paragraph 1 of the
      Plaintiff's First Amended Complaint.

2.    The defendant, Manchester states that it is without knowledge or information
      sufficient to form a belief as to the truth of the allegations of Paragraph 2 of the
      Plaintiffs' First Amended Complaint.

A TRUE COPY/ATTEST
DEPUTY ASS'T. CLERK

3.   The defendant, Manchester states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 3 of the Plaintiffs' First Amended Complaint.

4.   The defendant, Manchester admits the allegations of Paragraph 4 of the Plaintiff's First Amended Complaint.

5.   The defendant, Manchester states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5 of the Plaintiffs' First Amended Complaint.

## Venue and Jurisdiction

6.   The defendant, Manchester states that the allegations of Paragraph 6 of the Plaintiffs' First Amended Complaint set forth a legal conclusion and as such, Defendant, Manchester calls upon the plaintiff to prove same.

## Facts

7.   The defendant, Manchester states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7 of the Plaintiffs' First Amended Complaint.

8.   The defendant, Manchester states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8 of the Plaintiffs' First Amended Complaint.

9.   The defendant, Manchester states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9 of the Plaintiffs' First Amended Complaint.

10.   The defendant, Manchester admits the allegations of Paragraph 10 of the Plaintiffs' First Amended Complaint.

11.   The defendant, Manchester admits the allegations of Paragraph 11 of the Plaintiffs' First Amended Complaint.

12.   The defendant, Manchester states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12 of the Plaintiffs' First Amended Complaint.

13.   The defendant, Manchester states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13 of the Plaintiffs' First Amended Complaint.

14.    The defendant, Manchester states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14 of the Plaintiffs' First Amended Complaint.

## Count I
### (Violation of 49 U.S.C. section 14706)

15.    The defendant, Manchester hereby re-states and incorporates herein by reference its responses to Paragraphs 1–14 of the Plaintiffs' First Amended Complaint, as if fully set forth herein.

16.    The defendant, Manchester denies the allegations of Paragraph 16 of the Plaintiff's First Amended Complaint to the extent that any such allegations pertain to it. The defendant, Manchester states that the remainder of the allegations of Paragraph 16 of the Plaintiff's First Amended Complaint do not pertain to it and as such, no response is required.

17.    The defendant, Manchester denies the allegations of Paragraph 17 of the Plaintiff's First Amended Complaint to the extent that any such allegations pertain to it. The defendant, Manchester states that the remainder of the allegations of Paragraph 17 of the Plaintiff's First Amended Complaint do not pertain to it and as such, no response is required.

**DEFENDANT, MANCHESTER MOTOR FREIGHT, INC. HEREBY DEMANDS A TRIAL BY JURY ON ALL COUNTS IN THE PLAINTIFF'S FIRST AMENDED COMPLAINT.**

## SECOND AFFIRMATIVE DEFENSE

The claims arising out of the subject matter of the transactions and occurrences alleged are barred because the negligence of the Plaintiff is greater than the negligence of the Defendant, Manchester Motor Freight, Inc. and any recovery must be reduced by the percentage of negligence attributable to the Plaintiff in accordance with G.L. c. 231, §85.

## THIRD AFFIRMATIVE DEFENSE

The claims arising out of the subject matter of the transactions and occurrences are barred by an absence of legal responsibility on the part of the Defendant, Manchester Motor Freight, Inc.

3

## FOURTH AFFIRMATIVE DEFENSE

The claims arising out of the subject matter of the transactions and occurrences alleged were the result of the acts or omissions of a third party or parties for whose conduct the Defendant, Manchester Motor Freight, Inc. is not legally responsible.

## FIFTH AFFIRMATIVE DEFENSE

The claims arising out of the subject matter of the transactions and occurrences alleged are barred by the applicable statute of limitations.

## SIXTH AFFIRMATIVE DEFENSE

The Court does not have jurisdiction over the person of the Defendant, Manchester Motor Freight, Inc.

## SEVENTH AFFIRMATIVE DEFENSE

The process in this action is insufficient.

## EIGHTH AFFIRMATIVE DEFENSE

The service of process in this action is insufficient.

## NINTH AFFIRMATIVE DEFENSE

The Plaintiff's First Amended Complaint fails to state a claim upon which relief may be granted.

## TENTH AFFIRMATIVE DEFENSE

A necessary party under Rule 19 has not been joined.

## ELEVENTH AFFIRMATIVE DEFENSE

The claims arising out of the subject matter of the transactions and occurrences alleged were the result of risks assumed by the Plaintiff.

## TWELFTH AFFIRMATIVE DEFENSE

Any injuries or damages sustained by the Plaintiff resulted, in whole or in part, from an intervening and/or superseding cause.

## THIRTEENTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred and/or limited in whole or in part by the Plaintiff's spoliation of the evidence.

## FOURTEENTH AFFIRMATIVE DEFENSE

The claims arising out of the subject matter of the transactions and occurrences alleged are barred by laches.

## FIFTEENTH AFFIRMATIVE DEFENSE

The venue of this action is improper.

## SIXTEENTH AFFIRMATIVE DEFENSE

The acts or omissions alleged by the Plaintiff were done with the actual or implied consent of the Plaintiff.

## SEVENTEENTH AFFIRMATIVE DEFENSE

If the Plaintiff was injured and damaged as alleged, then such injury was not caused by the Defendant, Manchester Motor Freight, Inc. or by any person or entity for whom the Defendant, Manchester Motor Freight, Inc. is legally responsible.

## EIGHTEENTH AFFIRMATIVE DEFENSE

The Defendant, Manchester Motor Freight, Inc. states that should the Plaintiff prove that the Defendant, Manchester Motor Freight, Inc. was negligent, than it states the Plaintiff was negligent to a greater degree than the Defendant, Manchester Motor Freight, Inc. and as such, the Plaintiff cannot recover under the theory of Comparative Negligence.

**DEFENDANT, MANCHESTER MOTOR FREIGHT, INC. DEMANDS A JURY TRIAL ON ALL COUNTS SET FORTH IN THE PLAINTIFF'S FIRST AMENDED COMPLAINT AND ON ITS AFFIRMATIVE DEFENSES.**

## I.    DEFENDANT, MANCHESTER MOTOR FREIGHT, INC.'S CROSS-CLAIM AGAINST DEFENDANT, LANDSTAR LOGISTICS, INC.

1.    If there is any negligence on the part of the Defendant, Manchester, which it expressly denies, then there was also negligence on the part of the Defendant, Landstar

Logistics, Inc. ("Landstar"), which was a contributing and proximate cause of the Plaintiff's injuries.

2.    If a judgment enters for the Plaintiff against Defendant, Manchester, then the Defendant, Landstar is jointly liable in tort to Defendant, Manchester pursuant to M.G.L. Chapter 231B.

WHEREFORE, Defendant, Manchester demands judgment against the Defendant, Landstar Logistics, Inc. for contribution to any amount Defendant, Manchester is required to pay the Plaintiff in accordance with M.G.L. Chapter 231B, plus interest and costs.

## II.    DEFENDANT, MANCHESTER MOTOR FREIGHT, INC.'S CROSS-CLAIM AGAINST DEFENDANT, LANDSTAR LOGISTICS, INC. FOR INDEMNIFICATION

3.    Defendant, Manchester, is entitled to indemnification from Defendant, Landstar to the extent the Plaintiff's injuries arise out of the negligence of Defendant, Landstar.

4.    Defendant, Manchester says that if it is liable to the Plaintiff, such liability is vicarious and derivative and as such, the Defendant, Landstar must indemnify Defendant, Manchester for any and all sums for which it becomes liable to the Plaintiff.

WHEREFORE, Defendant, Manchester demands judgment against and indemnification from the Defendant, Landstar Logistics, Inc. for any and all sums it is required to pay in the defense of the allegations raised in the Plaintiff's First Amended Complaint, plus interest and costs.

## III.    DEFENDANT, MANCHESTER MOTOR FREIGHT, INC.'S CROSS-CLAIM AGAINST DEFENDANT, CSX TRANSPORTATION, INC. FOR CONTRIBUTION

5.    If there is any negligence on the part of the Defendant, Manchester, which it expressly denies, then there was also negligence on the part of the Defendant, CSX Transportation, Inc. ("CSX"), which was a contributing and proximate cause of the Plaintiff's injuries.

6.    If a judgment enters for the Plaintiff against Defendant, Manchester, then the Defendant, CSX is jointly liable in tort to Defendant, Manchester pursuant to M.G.L. Chapter 231B.

WHEREFORE, Defendant, Manchester demands judgment against the Defendant, CSX Transportation, Inc. for contribution to any amount Defendant, Manchester is required to pay the Plaintiff in accordance with M.G.L. Chapter 231B, plus interest and costs.

### IV.     DEFENDANT, MANCHESTER MOTOR FREIGHT, INC.'S CROSS-CLAIM AGAINST DEFENDANT, CSX TRANSPORTATION, INC. FOR INDEMNIFICATION

7.     Defendant, Manchester, is entitled to common law indemnification from Defendant, CSX to the extent the Plaintiff's injuries arise out of the negligence of Defendant, CSX.

8.     Defendant, Manchester says that if it is liable to the Plaintiff, such liability is vicarious and derivative and as such, the Defendant, CSX must indemnify Defendant, Manchester for any and all sums for which it becomes liable to the Plaintiff.

WHEREFORE, Defendant, Manchester demands judgment against and indemnification from the Defendant, CSX Transportation, Inc. for any and all sums it is required to pay in the defense of the allegations raised in the Plaintiff's First Amended Complaint, plus interest and costs.

### V.     DEFENDANT, MANCHESTER MOTOR FREIGHT, INC.'S CROSS-CLAIM AGAINST DEFENDANT, R.W.G. AND LOGISTICS, INC. FOR CONTRIBUTION

9.     If there is any negligence on the part of the Defendant, Manchester, which it expressly denies, then there was also negligence on the part of the Defendant, R.W.G. and Logistics, Inc. ("R.W.G."), which was a contributing and proximate cause of the Plaintiff's injuries.

10.     If a judgment enters for the Plaintiff against Defendant, Manchester, then the Defendant, R.W.G. is jointly liable in tort to Defendant, Manchester pursuant to M.G.L. Chapter 231B.

WHEREFORE, Defendant, Manchester demands judgment against the Defendant, R.W.G. and Logistics, Inc. for contribution to any amount Defendant, Manchester is required to pay the Plaintiff in accordance with M.G.L. Chapter 231B, plus interest and costs.

VI.    **DEFENDANT, MANCHESTER MOTOR FREIGHT, INC.'S
CROSS-CLAIM AGAINST DEFENDANT, R.W.G. AND LOGISTICS,
INC. FOR INDEMNIFICATION**

11.    Defendant, Manchester, is entitled to common law indemnification from Defendant, R.W.G. to the extent the Plaintiff's injuries arise out of the negligence of Defendant, R.W.G.

12.    Defendant, Manchester says that if it is liable to the Plaintiff, such liability is vicarious and derivative and as such, the Defendant, R.W.G. must indemnify Defendant, Manchester for any and all sums for which it becomes liable to the Plaintiff.

WHEREFORE, Defendant, Manchester demands judgment against and indemnification from the Defendant, R.W.G. and Logistics, Inc. for any and all sums it 's required to pay in the defense of the allegations raised in the Plaintiff's First Amended Complaint, plus interest and costs.

**DEFENDANT, MANCHESTER MOTOR FREIGHT, INC. DEMANDS A
JURY TRIAL ON ALL COUNTS SET FORTH IN THE PLAINTIFF'S FIRST
AMENDED COMPLAINT, ON ITS AFFIRMATIVE DEFENSES, AND ON ITS
CROSS-CLAIMS.**

Respectfully submitted

DEFENDANT,
MANCHESTER MOTOR FREIGHT, INC.

By its attorneys,

DAVIS, WHITE & SULLIVAN, PC

David A. White – BBO No. 551682
One Longfellow Place
Suite 3609
Boston, MA 02114
(617) 720-4060

Dated:    1/5/04

8

## CERTIFICATE OF SERVICE

I, David A. White, Attorney for Manchester Motor Freight, Inc., Defendant, certify that I served the within Answer, Jury Demand and Cross-Claims of Defendant, Manchester Motor Freight, Inc. to Plaintiff's First Amended Complaint on the Plaintiff, by mailing a copy thereof, by means of first class mail, directed to counsel of record as follows:

Mark J. Sampson, Esq.
William J. Donahue, Esq.
DEVINE, MILLIMET & BRANCH
300 Brickstone Square, 9th Floor
P.O. Box 39
Andover, MA 01810


_____
David A. White

Dated: 1/5/04