UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JOSEPH'S PASTA COMPANY, INC.

Plaintiff

-vs-

LANDSTAR LOGISTICS, INC., CSX TRANSPORTATION, INC., MANCHESTER MOTOR FREIGHT, INC., and R.W.G. AND LOGISTICS, INC.

Defendants

Civil Action No. 04cv10014EFH

## ANSWER TO AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES

COMES NOW the Defendant, CSX TRANSPORTATION, INC. (hereinafter CSXT), by and through undersigned counsel and files its Answer to the First Amended Complaint filed herein by the Plaintiff and states as follows:

### Introduction

Denies each and every allegation contained in Plaintiff's Introduction contained in its First Amended Complaint.

### Parties

1. Denies knowledge or information sufficient to form a belief as to the truth of Paragraphs 1 and 2, and therefore denies same.

2. Denies each and every allegation contained in Paragraph 3 of Plaintiff's First Amended Complaint except admits CSXT has a principal place of business in Jacksonville, FL.

SCANNED
DATE: _____
BY: _____

DOCKETED

3.  Denies knowledge or information sufficient to form a belief as to the truth of Paragraphs 4 and 5, and therefore denies same.

## Venue and Jurisdiction

4.  Denies each and every allegation contained in Paragraph 6.

## Facts

5.  Denies knowledge or information sufficient to form a belief as to the truth of Paragraphs 7 and 8, and therefore denies same.

6.  Denies each and every allegation contained in Paragraph 9.

7.  Denies knowledge or information sufficient to form a belief as to the truth of Paragraphs 10, 11, 12, and 13, and therefore denies same.

8.  Denies knowledge or information sufficient to form a belief as to the truth of Paragraphs 14, except admits that a copy of a letter is attached to the First Amended Complaint.

## COUNT I
## Violation of 49 U.S.C. §14706

9.  Repeats and realleges each and every answer made to the allegations in Paragraphs 1 through 13 with the same force and effect as if fully set forth herein at length.

10. Denies each and every allegation contained in Paragraphs 16 and 17.

## AFFIRMATIVE DEFENSES

## FOR A FIRST AFFIRMATIVE AND COMPLETE DEFENSE

11. CSXT is and was a railroad providing contract transportation pursuant to 49 U.S.C. §10709, and may have been engaged to transport sealed containers, one of

which may have been the container which is the subject matter of this lawsuit, between the rail ramp at Orlando, Florida and the rail ramp at Worcester, Massachusetts.

12. Pursuant to the contract entered into, CSXT Transportation would only be responsible for loss or damage that occurred by reason of a derailment.

13. CSXT has checked its records and the container which is the subject matter of this lawsuit was not damaged or involved in a derailment while being transported pursuant to CSXT's contract.

14. As such, CSXT has no liability or responsibility to this plaintiff and, therefore, the plaintiff's First Amended Complaint must be dismissed.

## FOR A SECOND AFFIRMATIVE AND COMPLETE DEFENSE

15. The container which is the subject matter of this lawsuit may have been received at the Orlando rail ramp in a closed and sealed condition and without external damage to the container. The container was transported without accident or incident over CSXT's rail lines to Worcester, Massachusetts where in turn the sealed container was interchanged to the co-defendant, Manchester Motor Freight, Inc. (herein Manchester) without exception as to the condition of the container, and as to the fact that the original seal enclosing the container's content was still intact. See Exhibit A attached.

16. CSXT's responsibility for the container and its contents ended at the rail ramp in Worcester, Massachusetts, and Manchester was hired by others, on information and belief to provide further transportation to the ultimate destination.

17. On information and belief, Manchester advised that it delivered the container to destination without any damage, and with the original seal intact, and without any exception on delivery.

18. If, as alleged by the plaintiff, there was damage to the shipment, and if it cannot be determined where the damage occurred, assuming that the plaintiff cannot establish that the cargo was in good condition at the time of delivery to the rail ramp in Orlando, Florida, and was in a damaged condition at the time that CSXT interchanged the sealed container without exception to Manchester at Worcester, Massachusetts, then a presumption arises that the loss occurred in the possession of the last carrier which, in this case, would be Manchester.

### FOR A THIRD AFFIRMATIVE AND COMPLETE DEFENSE

19. The plaintiff, in support of its First Amended Complaint, has failed to allege that the machinery allegedly contained in the container, was properly loaded and prepared for rail transit, was in an undamaged condition at the time of delivery to CSXT at the rail ramp in Orlando, Florida, and was in a damaged condition at the time that CSXT interchanged the sealed container to Manchester in Worcester, Massachusetts.

20. As such, plaintiff has failed to establish or allege a prima facie case against CSXT and, therefore, its First Amended Complaint must be dismissed.

### FOR A FOURTH AFFIRMATIVE AND COMPLETE DEFENSE

21. Plaintiff's First Amended Complaint must be dismissed because it fails to state a cause of action against CSXT under which relief can be granted.

## FOR A FIFTH AFFIRMATIVE AND COMPLETE DEFENSE

22. On information and belief, if any loss or damage occurred to the shipment, which is denied, such loss or damage to the shipment would have occurred due to acts or omissions of third parties over whom this defendant has no control, and for whom this defendant has no responsibility and, therefore, plaintiff's First Amended Complaint must be dismissed.

## FOR A SIXTH AFFIRMATIVE AND COMPLETE DEFENSE

23. Under its contract of transportation, CSXT has a right to assert any defense that would be available to others in relation to the transportation of the shipment, and CSXT asserts all defenses that may be developed in discovery that may be available to it including but not limited to the limitation of liability for used machinery, and/or a limitation of liability per package of $1,250 per package, the failure to file a timely written claim, the failure to timely institute this lawsuit.

## FOR A SEVENTH AFFIRMATIVE AND COMPLETE DEFENSE

24. Plaintiff's First Amended Complaint must be dismissed as there is no privity of contract between this plaintiff and CSXT.

## FOR AN EIGHTH AFFIRMATIVE AND COMPLETE DEFENSE

25. On information and belief, plaintiff engaged Landstar Logistics to act as its agent in arranging transportation for the shipment in question. As such, Landstar Logistics entered into contracts on plaintiff's behalf with respect to the provision of transportation services and, as such, plaintiff is bound by the contracts entered into on behalf of the plaintiff by Landstar Logistics, and pursuant to those contracts, CSXT is not responsible for the loss or damage to the shipment claimed by the plaintiff herein.

## FOR A NINTH AFFIRMATIVE AND COMPLETE DEFENSE

26. CSXT asserts all limitations of liability in the contract between plaintiff and Landstar Logistics.

WHEREFORE, CSXT respectfully requests that Plaintiff's First Amended Complaint be dismissed and that CSXT be awarded its costs and attorneys fees.

RESPECTFULLY SUBMITTED this 8th day of January 2004,

DeORCHIS & PARTNERS, LLP
Attorneys for CSX Transportation, Inc.

David J. Farrell, Jr.
BBO # 559847
2355 Main Street
P.O. Box 186
S. Chatham, MA  02659
(508) 432-2121

Certificate of Service

I certify I served a copy of this answer by mail on Attorneys Sampson and Claused on January 8, 2004.

David J. Farrell, Jr.

# EQUIPMENT INSPECTION — CSX INTERMODAL — INTERCHANGE RECEIPT AND DELIVERY RECORD

## CHASSIS INSPECTION

**REMARKS:** 02.2220(?)

BY: S.R.R. III  
Receipt acknowledged by CSXI representative  
DATE: 5-3-02

Use of equipment is subject to the terms and conditions on the reverse hereof. I certify the above equipment [ ] DOES OR [ ] DOES NOT CONTAIN HAZARDOUS MATERIAL AS DEFINED IN D.O.T. REGULATION 49 C.F.R. 172.101

Receipt acknowledged by  
BY: RODRIGUEZ

CURRENT FEDERAL HIGHWAY INSPECTION DECAL? YES / NO

| EQUIPMENT INITIAL/NUMBER | EQUIP. SIZE/TYPE | SEALS | CHASSIS/BOGEY NUMBER |
|---|---|---|---|
| CSXU 685249 | 48 CN | 841 | TSXZ 805942 |

| PLAN # | LE STATUS | COL/PPD | SRC | AUDIT NO. | WAYBILL NO. | WAYBILL DATE | TRAIN LD. | RAMP LOCATION |
|---|---|---|---|---|---|---|---|---|
| PNS | L | | | | 839018 | 05/03/02 | | ORLANDO |

ROUTE: CSXT

CONSIGNEE NAME AND ADDRESS:  
LANDSTAR LOGISTICS INC  
WORCESTER

SHIPPER NAME AND ADDRESS:  
LANDSTAR LOGISTICS INC  
ORLANDO — ORIGIN

CURRENT STATUS: BILLED

Parking: ORLANDO, OLOT, O N/A, 1

Certify Name\Date:  
685249  05/03/02  CSXU 685249  05/03/02

| BTCC | WEIGHT |
|---|---|
| 2399989 | 40000.0 |

| EVENT | DATE | TIME |
|---|---|---|
| ARRIVED | | |
| SPOTTED | | |
| GROUNDED | | |
| CONSIGNEE REP. NOTIFIED | | |
| CONSIGNEE NOTIFIED | | |
| IN BOND | | |
| CLEARED CUSTOMS | | |
| PICKED UP | 0501 | 1500 |
| RETURNED | 0503 | 1644 |
| INTERCHANGE TO / FROM | XEX | |

DRAYMAN COPY — PNX, INC

Ex. A