UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| JOSEPH'S PASTA COMPANY, INC., <br> *Plaintiff*, <br> v. <br> LANDSTAR LOGISTICS, INC., <br> CSX TRANSPORTATION, INC., <br> MANCHESTER MOTOR FREIGHT, <br> INC. and R.W.G. AND LOGISTICS, INC., <br> *Defendants*. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | CIVIL ACTION <br> NO. 04-10014-EFH |

**ANSWER AND COUNTERCLAIM OF DEFENDANT
LANDSTAR LOGISTICS, INC. TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant Landstar Logistics, Inc. ("Landstar"), for its answer to the First Amended Complaint of the plaintiff, Joseph's Pasta Company, Inc. ("Joseph's"), states as follows in response to each corresponding paragraph therein:

**Introduction.**  Defendant Landstar denies the allegations contained in the "Introduction" paragraph of the plaintiff's First Amended Complaint insofar as it alleges that Landstar is liable for any damage pursuant to 49 U.S.C. § 14706; except Landstar is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the "Introduction" paragraph, and therefore neither admits nor denies said allegations but calls upon the plaintiff to prove the same.

1.  Landstar is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the First Amended Complaint, and therefore neither admits nor denies said allegations, but calls upon the plaintiff to prove the same.

2. Denied; except Landstar admits that it is a corporation with a principal place of business in Jacksonville, Florida.

3. Landstar is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the First Amended Complaint, and therefore neither admits nor denies said allegations, but calls upon the plaintiff to prove the same.

4. Landstar is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the First Amended Complaint, and therefore neither admits nor denies said allegations, but calls upon the plaintiff to prove the same.

5. Landstar is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the First Amended Complaint, and therefore neither admits nor denies said allegations, but calls upon the plaintiff to prove the same.

6. Denied; except Landstar admits that venue and jurisdiction are proper in the United States District Court for the District of Massachusetts.

7. Landstar is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the First Amended Complaint, and therefore neither admits nor denies said allegations, but calls upon the plaintiff to prove the same.

8. Denied; except Landstar admits that on or about May 2, 2003 it arranged for the transportation of certain pasta equipment from Orlando, Florida to the plaintiff in Haverhill, Massachusetts.

9. Landstar is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the First Amended Complaint, and therefore neither admits nor denies said allegations, but calls upon the plaintiff to prove the same.

10. Landstar is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the First Amended Complaint, and therefore neither admits nor denies said allegations, but calls upon the plaintiff to prove the same.

11. Landstar is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the First Amended Complaint, and therefore neither admits nor denies said allegations, but calls upon the plaintiff to prove the same.

12. Landstar is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the First Amended Complaint, and therefore neither admits nor denies said allegations, but calls upon the plaintiff to prove the same.

13. Landstar is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the First Amended Complaint, and therefore neither admits nor denies said allegations, but calls upon the plaintiff to prove the same.

14. Admitted.

15. In response to the allegations contained in paragraph 15 of the plaintiff's First Amended Complaint, Landstar repeats each of its responses to paragraphs 1 through 13 as though separately set forth herein.

16. Denied.

17. Denied.

### FIRST AFFIRMATIVE DEFENSE

The First Amended Complaint fails to state a claim upon which relief can be granted under the Carmack Amendment to the ICC Termination Act of 1995 ("ICCTA"), 49 U.S.C. §§

11706 and 14706, and must therefore be dismissed pursuant to Fed. R. Civ. P. 12(b)(6), because it fails to allege the origin condition of the plaintiff's shipment.

## SECOND AFFIRMATIVE DEFENSE

The First Amended Complaint fails to state a claim against Landstar upon which relief can be granted under the Carmack Amendment to the ICCTA, 49 U.S.C. §§ 11706 and 14706, because it fails to allege that Landstar was a carrier of the plaintiff's shipment, and therefore the First Amended Complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

## THIRD AFFIRMATIVE DEFENSE

Defendant Landstar has no liability to the plaintiff because it did not transport the plaintiff's shipment and did not issue a bill of lading for such transportation.

## FOURTH AFFIRMATIVE DEFENSE

Defendant Landstar at all times acted only as a freight transportation broker, not a motor, rail or other carrier, and Landstar therefore has no liability to the plaintiff under 49 U.S.C. §§ 11706 and 14706.

## FIFTH AFFIRMATIVE DEFENSE

Defendant Landstar, even if it were a carrier of the plaintiff's shipment, which Landstar expressly denies, would not be liable for any transit damage claimed by the plaintiff because this was a "shipper's load and count" shipment, and Landstar did not participate in the loading of the shipment.

### SIXTH AFFIRMATIVE DEFENSE

The plaintiff may not recover attorney's fees under 49 U.S.C. § 14706 as a matter of law.

### SEVENTH AFFIRMATIVE DEFENSE

Landstar is not liable for any loss or damage caused by or resulting from any act, omission or order of the shipper, improper packaging or packing or from a defect or inherent vice of the article.

### EIGHTH AFFIRMATIVE DEFENSE

In the event that the plaintiff did not have or does not have any title or interest in the shipment that is the subject of the First Amended Complaint, then it is not the real party in interest herein and is not entitled to any recovery.

### NINTH AFFIRMATIVE DEFENSE

If the shipment referred to in the First Amended Complaint suffered any loss, damage or delay, such loss, damage or delay was caused by the acts or omissions of the plaintiff or a third party or parties over whom Landstar had no control and Landstar, therefore, is not liable.

### TENTH AFFIRMATIVE DEFENSE

To the extent any of the damages sought by the plaintiff are special damages, Landstar is not liable.

### ELEVENTH AFFIRMATIVE DEFENSE

In the event that the shipment described in the First Amended Complaint moved subject to any statutory or contractual limitations of liability, either specifically agreed to by the plaintiff or contained in any applicable bill of lading, waybill, rates, rules, classifications, circulars, service guides, contracts or tariffs, the plaintiff may not recover in excess of such limitations.

**WHEREFORE**, defendant Landstar Logistics, Inc. demands judgment dismissing the First Amended Complaint of the plaintiff, Joseph's Pasta Company, Inc., and awarding Landstar its costs and disbursements in this action.

### COUNTERCLAIM

Now comes Landstar Logistics, Inc. and, for its Counterclaim against the plaintiff, Joseph's Pasta Company, Inc., states as follows:

**Facts:**

1. Plaintiff-in-counterclaim Landstar Logistics, Inc. ("Landstar"), is a corporation organized and existing under the laws of the State of Delaware and maintains its principal office and place of business at 13410 Sutton Park Drive, South, Jacksonville, Florida 32224.

2. Landstar operates as a broker of interstate transportation of property pursuant to authority granted by the Federal Motor Carrier Safety Administration ("FMCSA") in accordance with the ICC Termination Act of 1995 ("ICCTA"), 49 U.S.C. § 13101, *et seq*.

3. Upon information and belief, the defendant-in-counterclaim, Joseph's Pasta Company, Inc. ("Joseph's"), is a Massachusetts corporation and maintains its principal office and place of business at 133 Hale Street, Haverhill, Massachusetts 01830.

4. On or about May 2, 2002, Joseph's hired Landstar to broker the transportation of certain pasta equipment from Orlando, Florida to Joseph's facility at Haverhill, Massachusetts.

5. Landstar then undertook to broker the requested transportation and arranged for the equipment to be transported and delivered to Joseph's at Haverhill, Massachusetts; and delivery of the shipment was made at Haverhill on or about May 8, 2002.

6. Landstar then made demand upon Joseph's for payment of Landstar's brokerage charges totaling $2,802.00.

7. Joseph's nonetheless has failed and refused to pay anything to Landstar for its brokerage services.

## COUNT I
### (Breach of Contract)

Landstar repeats and realleges each of the allegations contained in paragraphs 1 through 7 of this Counterclaim as though separately set forth herein.

8. By its conduct, as aforesaid, Joseph's has breached its agreement with Landstar.

9. As a result of Joseph's breach, Landstar has been damaged in the sum of at least $2,802.00.

10. Landstar is therefore entitled to and hereby demands judgment against Joseph's in the sum of $2,802.00, and for such other relief as may be appropriate.

WHEREFORE, plaintiff-in-counterclaim Landstar Logistics, Inc. prays that the Court enter judgment against defendant-in-counterclaim Joseph's Pasta Company, Inc. in the amount of $2,802.00, plus pre-judgment and post-judgment interest at the maximum rate allowed by law,

costs, attorney's fees and such other relief as may be appropriate.

## COUNT II
### (Quantum Meruit)

Landstar repeats and realleges each of the allegations contained in paragraphs 1 through 10 of this Counterclaim as though separately set forth herein.

11.     Landstar rendered to Joseph's valuable transportation brokerage services for which Joseph's promised to pay the reasonable value thereof and which Joseph's knew or should have known it would be expected to pay for.

12.     The reasonable value of the transportation brokerage services performed by Landstar for the benefit of Joseph's is $2,802.00, none of which has been paid, and Joseph's has accordingly been unjustly enriched in the amount of at least $2,802.00.

13.     Joseph's has failed and refused to pay Landstar the amount due, despite Landstar's demands and Joseph's obligation to pay it.

14.     Landstar is therefore entitled to and hereby demands judgment against Joseph's in the sum of $2,802.00, plus interest and costs for the reasonable value of the transportation brokerage services rendered to Joseph's, and for such other relief as may be appropriate.

WHEREFORE, plaintiff-in-counterclaim Landstar Logistics, Inc. prays that the Court enter judgment against defendant-in-counterclaim Joseph's Pasta Company, Inc. in the amount of $2,802.00, plus pre-judgment and post-judgment interest at the maximum rate allowed by law, costs, attorney's fees and such other relief as may be appropriate.

                                              LANDSTAR LOGISTICS, INC.
                                              By its attorney,

January 14, 2004                                /s/ Wesley S. Chused
                                              Wesley S. Chused (BBO #083520)
                                              LOONEY & GROSSMAN LLP
                                              101 Arch Street
                                              Boston, MA 02110
                                              (617) 951-2800

## CERTIFICATE OF SERVICE

      I hereby certify that on January 14, 2004 I served true copies of the foregoing pleading upon all parties hereto by mailing copies thereof, via first class mail, properly addressed to:

                    Mark J. Sampson, Esq.
                    Devine, Millimet & Branch
                    300 Brickstone Square, 9th Floor
                    P.O. Box 39
                    Andover, MA  01810

                    David J. Farrell, Jr., Esq.
                    DeOrchis & Partners, LLP
                    P.O. Box 186
                    South Chatham, MA  02659

                    David A. White, Esq.
                    Davis, White & Sullivan, PC
                    One Longfellow Place, Suite 3609
                    Boston, MA  02114

                                              /s/ Wesley  S. Chused
                                              Wesley S. Chused