UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JOSEPH'S PASTA COMPANY, INC., ) *Plaintiff*, ) ) v. ) ) LANDSTAR LOGISTICS, INC., ) CSX TRANSPORTATION, INC., ) MANCHESTER MOTOR FREIGHT, ) INC. and R.W.G. AND LOGISTICS, INC., ) *Defendants*. ) ) | CIVIL ACTION NO. 04-10014-EFH |

**ANSWER OF DEFENDANT LANDSTAR LOGISTICS, INC.
TO CROSS-CLAIM OF DEFENDANT MANCHESTER MOTOR FREIGHT, INC.**

Defendant Landstar Logistics, Inc. ("Landstar"), for its answer to the Cross-Claim of defendant Manchester Motor Freight, Inc. ("Manchester"), states as follows in response to each corresponding paragraph therein:

1. Denied.

2. Denied.

3. Denied.

4. Denied.

5. - 12. The allegations set forth in paragraphs 5 through 12 of Manchester's Cross-Claim are not directed to defendant Landstar and therefore required no response by Landstar. To the extent any of the allegations contained in those paragraphs are deemed to apply to Landstar, they are denied.

## FIRST AFFIRMATIVE DEFENSE

The Carmack Amendment to the ICC Termination Act of 1995 ("ICCTA"), 49 U.S.C. §§ 11706 and 14706, preempts Manchester's Cross-Claims against Landstar for indemnification and contribution.

## SECOND AFFIRMATIVE DEFENSE

Manchester's Cross-Claim fails to state a claim upon which relief can be granted under the Carmack Amendment to the ICCTA, and must therefore be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

## THIRD AFFIRMATIVE DEFENSE

Defendant Landstar has no liability to Manchester because Landstar did not transport the plaintiff's shipment and did not issue a bill of lading for such transportation.

## FOURTH AFFIRMATIVE DEFENSE

Defendant Landstar at all times acted only as a freight transportation broker, not a motor, rail or other carrier, and Landstar therefore has no liability to Manchester under 49 U.S.C. §§ 11706 and 14706.

## FIFTH AFFIRMATIVE DEFENSE

Manchester may not recover attorney's fees against Landstar as a matter of law.

## SIXTH AFFIRMATIVE DEFENSE

Landstar is not liable for any loss or damage caused by or resulting from any act, omission or order of the shipper, improper packaging or packing or from a defect or inherent vice of the article.

**SEVENTH AFFIRMATIVE DEFENSE**

In the event that the plaintiff did not have or does not have any title or interest in the shipment that is the subject of the First Amended Complaint, then it is not the real party in interest herein, is not entitled to any recovery from Manchester, and Manchester, therefore, also is not entitled to any recovery against Landstar.

**EIGHTH AFFIRMATIVE DEFENSE**

If the shipment referred to in the First Amended Complaint or in Manchester's Cross-Claim suffered any loss, damage or delay, such loss, damage or delay was caused by the acts or omissions of the plaintiff or a third party or parties over whom Landstar had no control and Landstar, therefore, is not liable to either the plaintiff or Manchester.

**NINTH AFFIRMATIVE DEFENSE**

To the extent any of the damages sought by the plaintiff or by Manchester are special damages, Landstar is not liable.

**TENTH AFFIRMATIVE DEFENSE**

In the event that the shipment described in the First Amended Complaint and in Manchester's Cross-Claim moved subject to any statutory or contractual limitations of liability, either specifically agreed to by the plaintiff or contained in any applicable bill of lading, waybill, rates, rules, classifications, circulars, service guides, contracts or tariffs, then neither the plaintiff nor Manchester may recover in excess of such limitations.

## ELEVENTH AFFIRMATIVE DEFENSE

Landstar did not issue a receipt or bill of lading for the plaintiff's shipment nor was it a carrier of the plaintiff's shipment, and Manchester therefore has no basis upon which to obtain indemnification or contribution from Landstar pursuant to U.S.C. § 14706(b).

WHEREFORE, defendant Landstar Logistics, Inc. prays that the Court enter judgment dismissing the Cross-Claim of defendant Manchester Motor Freight, Inc., Inc., with costs to defendant Landstar Logistics, Inc.

                                        LANDSTAR LOGISTICS, INC.
                                        By its attorney,

January 20, 2004                         /s/ Wesley S. Chused
                                                    Wesley S. Chused (BBO #083520)
                                                    LOONEY & GROSSMAN LLP
                                                    101 Arch Street
                                                    Boston, MA 02110
                                                    (617) 951-2800

**CERTIFICATE OF SERVICE**

  I hereby certify that on January 20, 2004 I served true copies of the foregoing pleading upon all parties hereto by mailing copies thereof, via first class mail, properly addressed to:

    Mark J. Sampson, Esq.
    Devine, Millimet & Branch
    300 Brickstone Square, 9th Floor
    P.O. Box 39
    Andover, MA  01810

    David J. Farrell, Jr., Esq.
    DeOrchis & Partners, LLP
    P.O. Box 186
    South Chatham, MA  02659

    David A. White, Esq.
    Davis, White & Sullivan, PC
    One Longfellow Place, Suite 3609
    Boston, MA  02114

    RWG & Logistics, Inc.
    139 Ward Hill Avenue
    Haverhill, MA 01835

            /s/ Wesley S. Chused
            Wesley S. Chused