UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

JOSEPH'S PASTA COMPANY, INC.,
Plaintiff,

v.

LANDSTAR LOGISTICS, INC.,
CSX TRANSPORTATION, INC.,
MANCHESTER MOTOR FREIGHT,
INC. and R.W.G. AND LOGISTICS, INC.,
Defendants.

Civil Action No. 04-10014-EFH

## PLAINTIFF'S REPLY TO DEFENDANT, LANDSTAR LOGISTICS, INC.'S COUNTERCLAIM

Plaintiff, Joseph's Pasta Company, Inc. ("Joseph's"), hereby replies to the Counterclaim ("Counterclaim") of Defendant, Landstar Logistics, Inc. ("Landstar") as follows:

### Facts

1. Joseph's is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 1 of the Counterclaim.

2. Joseph's is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 2 of the Counterclaim.

3. Joseph's admits the allegations contained in Paragraph 3 of the Counterclaim.

4. Joseph's admits that on or about May 3, 2002, it contracted with Landstar to ship certain pasta equipment from Orlando, Florida to Haverhill, Massachusetts. In

{A9299\67008\A0062064.1}

answering further, Joseph's denies each and every remaining allegation contained in Paragraph 4 of the Counterclaim.

5. Joseph's admits that it received the equipment on or about May 8, 2003. In responding further, Joseph's is without sufficient knowledge or information to form as to the truth of the remaining allegations contained in Paragraph 5 of the Counterclaim.

6. Joseph's denies the allegations contained in paragraph 6 of the Counterclaim.

7. Joseph's admits the allegations contained in Paragraph 7 to the extent that it has not made payment to Landstar due to the extensive damage Joseph's equipment suffered in transit.

## COUNT I
### (Breach of Contract)

Joseph's hereby reallages and incorporates by reference its responses in Paragraphs 1 through 7 of the Counterclaim.

8. Joseph's denies the allegations contained in Paragraph 8 of the Counterclaim.

9. Joseph's denies the allegations contained in Paragraph 9 of the Counterclaim.

10. Paragraph 10 of the Counterclaim contains a conclusion of law to which no response is required. To the extent that a response is deemed necessary, Joseph's denies the allegations contained in Paragraph 10 of the Counterclaim.

## COUNT II

### (Quantum Meruit)

Joseph's hereby realleges and incorporates by reference its responses to Paragraphs 1 through 10 of the Counterclaim.

11. Joseph's denies the allegations contained in Paragraph 11 of the Counterclaim.

12. Joseph's denies the allegations contained in Paragraph 12 of the Counterclaim.

13. Joseph's denies the allegations contained in Paragraph 13 of the Counterclaim.

14. Paragraph 14 of the Counterclaim contains a conclusion of law to which no response is required. To the extent that a response is deemed necessary, Joseph's denies the allegations contained in Paragraph 14 of the Counterclaim.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

15. The Counterclaim fails to state a claim upon which relief may be granted against Joseph's.

### SECOND AFFIRMATIVE DEFENSE

16. Landstar, by its acts and/or omissions, is estopped to make any claim against Joseph's

### THIRD AFFIRMATIVE DEFENSE

17. Landstar, by its action, conduct or omissions, has waived all rights or claims that it may have had against Joseph's.

## FOURTH AFFIRMATIVE DEFENSE

18. Landstar has not suffered any damage for which it may recover.

## FIFTH AFFIRMATIVE DEFENSE

19. The Counterclaim, in whole or in part, is frivolous, capricious, and not advanced by Landstar in good faith, and, therefore, Joseph's is entitled to reasonable attorney's fees, costs and other due damages in accordance with Mass. Gen. L. ch. 231 §6F.

## SIXTH AFFIRMATIVE DEFENSE

20. The Counterclaim is barred by Landstar's own material breach of the Agreement.

## SEVENTH AFFIRMATIVE DEFENSE

21. At all times material hereto, Joseph's acted reasonably and in good faith.

WHEREFORE, Plaintiff, Joseph's Pasta Company, Inc., requests that this Honorable Court:

A. Dismiss the Counterclaim with prejudice;

B. Award Joseph's its attorney's fees and costs incurred in defending this action; and

C. Grant such other and further relief as justice may require.

JOSEPH'S PASTA COMPANY, INC.
By its attorneys,


/s/ William J. Donahue
Mark J. Sampson, BBO #552808
William J. Donahue, BB0 #631229
DEVINE, MILLIMET & BRANCH
 PROFESSIONAL ASSOCIATION
300 Brickstone Square, 9th Floor
P.O. Box 39
Andover, MA  01810
(978) 475-9100


## CERTIFICATE OF SERVICE

I hereby certify that on February 2, 2004, I served true copies of the foregoing pleading upon all parties hereto by mailing copies thereof, via first class mail, properly addressed to:

Wesley S. Chused, Esq.
LOONEY & GROSSMAN LLP
101 Arch Street
Boston, MA 02110
(617) 951-2800

David J. Farrell, Jr., Esq.
DeOrchis & Partners, LLP
P.O. Box 186
South Chatham, MA 02659

David A. White, Esq.
Davis, White & Sullivan, PC
One Longfellow Place, Suite 3609
Boston, MA 02114


/s/ William J. Donahue
William J. Donahue