## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JOSEPH'S PASTA COMPANY, INC., | ) | |
| **Plaintiff** | ) | |
| | ) | |
| V. | ) | C.A. NO. 04-10014-EFH |
| | ) | |
| LANDSTAR LOGISTICS, INC., CSX | ) | |
| TRANSPORTATION, INC., MANCHESTER | ) | |
| MOTOR FREIGHT, INC., and R.W.G. AND | ) | |
| LOGISTICS, INC., | ) | |
| **Defendants** | ) | |
| | ) | |

## ANSWER OF THE DEFENDANT,
## R.W.G. AND LOGISTICS, INC.
## TO THE FIRST AMENDED COMPLAINT

### INTRODUCTION

No answer required, but the Defendant, R.W.G. and Logistics, Inc. does not admit any of the allegations made against it in the Introduction.

### Parties

1.    The Defendant, R.W.G. and Logistics, Inc., admits the allegations contained in Paragraph 1 of the Plaintiff's Complaint.

2.    The Defendant, R.W.G. and Logistics, Inc., is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Plaintiff's Complaint.

1

3.     The Defendant, R.W.G. and Logistics, Inc., is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Plaintiff's Complaint.

4.     The Defendant, R.W.G. and Logistics, Inc., is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Plaintiff's Complaint.

5.     The Defendant, R.W.G. and Logistics, Inc., admits that it is a corporation duly organized and existing under the laws of the Commonwealth of Massachusetts, but says that its principal place of business is at 179 Wardhill Avenue, Haverhill, Massachusetts.

## Venue and Jurisdiction

6.     The Defendant, R.W.G. and Logistics, Inc., denies that it is subject to the provisions of 49 U.S.C. § 14706(d), and, therefore, denies the jurisdiction and venue are proper.

## Facts

7.     The Defendant, R.W.G. and Logistics, Inc., is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Plaintiff's Complaint.

8.     The Defendant, R.W.G. and Logistics, Inc., is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Plaintiff's Complaint.

9.     The Defendant, R.W.G. and Logistics, Inc., is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Plaintiff's Complaint.

10.    The Defendant, R.W.G. and Logistics, Inc., admits the allegations contained in Paragraph 10 of the Plaintiff's Complaint.

11.    The Defendant, R.W.G. and Logistics, Inc., admits the allegations contained in Paragraph 11 of the Plaintiff's Complaint.

12.    The Defendant, R.W.G. and Logistics, Inc., is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Plaintiff's Complaint.

13.    The Defendant, R.W.G. and Logistics, Inc., is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Plaintiff's Complaint.

14.    The Defendant, R.W.G. and Logistics, Inc., admits the allegations contained in Paragraph 14 of the Plaintiff's Complaint.

## Count I
## (Violation of 49 U.S.C. § 14706)

15.    No answer required.

16.    The Defendant, R.W.G. and Logistics, Inc., denies that it is subject to the provisions of 49 U.S.C. § 14706.

17.    The Defendant, R.W.G. and Logistics, Inc., is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Plaintiff's Complaint.

## First Affirmative Defense

In further answering, the Defendant, R.W.G. and Logistics, Inc., says that the Plaintiff has

10.    The Defendant, R.W.G. and Logistics, Inc., admits the allegations contained in Paragraph 10 of the Plaintiff's Complaint.

11.    The Defendant, R.W.G. and Logistics, Inc., admits the allegations contained in Paragraph 11 of the Plaintiff's Complaint.

12.    The Defendant, R.W.G. and Logistics, Inc., is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Plaintiff's Complaint.

13.    The Defendant, R.W.G. and Logistics, Inc., is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Plaintiff's Complaint.

14.    The Defendant, R.W.G. and Logistics, Inc., admits the allegations contained in Paragraph 14 of the Plaintiff's Complaint.

## Count I
### (Violation of 49 U.S.C. § 14706)

15.    No answer required.

16.    The Defendant, R.W.G. and Logistics, Inc., denies that it is subject to the provisions of 49 U.S.C. § 14706.

17.    The Defendant, R.W.G. and Logistics, Inc., is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Plaintiff's Complaint.

## First Affirmative Defense

In further answering, the Defendant, R.W.G. and Logistics, Inc., says that the Plaintiff has

failed to state a claim upon which relief can be granted and, therefore, the Plaintiff's claims should be dismissed pursuant to the provisions of F.R.C.P. Rule 12(b)6.

### Second Affirmative Defense

In further answering, the Defendant, R.W.G. and Logistics, Inc., says that it operates a warehouse business and that it is not subject to the provisions of 49 U.S.C. § 14706 and that therefor the Plaintiff's claim should be dismissed..

### Third Affirmative Defense

In further answering, the Defendant, R.W.G. and Logistics, Inc., says that Plaintiff voluntarily assumed the risk of its property being injured and suffering damage and that the Plaintiff was guilty of contributory negligence.

### Fourth Affirmative Defense

In further answering, the Defendant, R.W.G. and Logistics, Inc., says that the Plaintiff was negligent and its negligence was greater than any negligence on the part of the Defendant, R.W.G. and Logistics, Inc., and that, therefore, the Plaintiff is not entitled to recover.

### Fifth Affirmative Defense

In further answering, the Defendant, R.W.G. and Logistics, Inc., says that if the Plaintiff sustained damage, as alleged, in the Amended Complaint, the Plaintiff's damage was caused by the acts of a third person, which acts the Defendant, R.W.G. and Logistics, Inc., had no reason to anticipate and of which person the Defendant, R.W.G. and Logistics, Inc., had no knowledge and over whom would have no control.

### Sixth Affirmative Defense

In further answering, the Defendant, R.W.G. and Logistics, Inc., says that the Plaintiff is

4

not entitled to maintain this action because of its laches in that the Plaintiff had knowledge of all of the acts of the Defendant, R.W.G. and Logistics, Inc., set forth in the Complaint and nevertheless failed to file a claim against the Defendant, R.W.G. and Logistics, Inc., within a reasonable time.

## Seventh Affirmative Defense

In further answering, the Defendant, R.W.G. and Logistics, Inc., says that if the Defendant, R.W. G. and Logistics, Inc., ever owed the Plaintiff anything, which the Defendant, R.W.G. and Logistics, Inc., denies, the Plaintiff, through its actions, has waived payment.

R.W.G. and Logistics, Inc.
By Its Attorney,

William J. Barron, Esquire
BBO #031240
LaFlamme, Barron & Chabot
114 Kenoza Avenue
Haverhill, MA 01830
(978) 521-4737

I hereby certify that a true copy to the above document was served upon each party appearing pro se and the attorney of record for each other party by mail (hand) on ⅖ 2004
LAFLAMME
BARRON & CHABOT

5