## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **JOSEPH'S PASTA COMPANY, INC.,** )<br>    **Plaintiff** )<br>)<br>**V.** )<br>)<br>**LANDSTAR LOGISTICS, INC., CSX** )<br>**TRANSPORTATION, INC., MANCHESTER** )<br>**MOTOR FREIGHT, INC., and R.W.G. AND** )<br>**LOGISTICS, INC.,** )<br>    **Defendants** )<br>) | **C.A. NO. 04-10014-EFH** |

## ANSWER OF THE DEFENDANT,
## R.W.G. AND LOGISTICS, INC.
## TO THE CROSS CLAIM OF THE DEFENDANT,
## MANCHESTER MOTOR FREIGHT, INC.

Now comes the Defendant, R.W.G. and Logistics, Inc., and answers the numbered paragraphs of the Cross Claim of Defendant, Manchester Motor Freight, Inc., as follows:

1 - 8.    Paragraphs 1 through 8 of the Cross Claim of the Defendant, Manchester Motor Freight, Inc., apply not to the Defendant, R.W.G. and Logistics, Inc., but to the Defendant, Landstar Logistics, Inc. To the extent that any of the allegations made in Paragraphs 1 through 8 pertain to R.W.G. and Logistics, Inc., R.W.G. and Logistics, Inc. denies same.

9.    The Defendant, R.W.G. and Logistics, Inc., denies the allegations contained in Paragraph 9 of the Cross Claim of the Defendant, Manchester Motor Freight, Inc.

1

10.    The Defendant, R.W.G. and Logistics, Inc., denies the allegations contained in Paragraph 10 of the Cross Claim of the Defendant, Manchester Motor Freight, Inc.

11.    The Defendant, R.W.G. and Logistics, Inc., denies the allegations contained in Paragraph 11 of the Cross Claim of the Defendant, Manchester Motor Freight, Inc.

12.    The Defendant, R.W.G. and Logistics, Inc., denies the allegations contained in Paragraph 12 of the Cross Claim of the Defendant, Manchester Motor Freight, Inc.

### First Affirmative Defense

In further answering, the Defendant, R.W.G. and Logistics, Inc., says that the Manchester Motor Freight, Inc. has failed to state a claim upon which relief can be granted and, therefore, the it's claims should be dismissed pursuant to the provisions of F.R.C.P. Rule 12(b)6.

### Second Affirmative Defense

In further answering, the Defendant, R.W.G. and Logistics, Inc., says that it operates a warehouse business and that it is not subject to the provisions of 49 U.S.C. § 14706 and that therefore the Cross Claim should be dismissed.

### Third Affirmative Defense

In further answering, the Defendant, R.W.G. and Logistics, Inc., says that Manchester Motor Freight voluntarily assumed the risk of its property being injured and suffering damage and was guilty of contributory negligence.

### Fourth Affirmative Defense

In further answering, the Defendant, R.W.G. and Logistics, Inc., says that the Manchester Motor Freight was negligent and its negligence was greater than any negligence on the part of the

2

Defendant, R.W.G. and Logistics, Inc., and that, therefore, Manchester Motor Freight is not entitled to recover.

### Fifth Affirmative Defense

In further answering, the Defendant, R.W.G. and Logistics, Inc., says that if the Manchester Motor Freight sustained damage, as alleged, in the Cross Claim, it's damage was caused by the acts of a third person, which acts the Defendant, R.W.G. and Logistics, Inc., had no reason to anticipate and of which person the Defendant, R.W.G. and Logistics, Inc., had no knowledge and over whom would have no control.

WHEREFORE, the Defendant, R.W.G. and Logistics, Inc., demands that the Cross Claim of the Defendant, Manchester Motor Freight, Inc., be dismissed.

R.W.G. and Logistics, Inc.
By Its Attorney,

William J. Barron, Esquire
BBO #031240
LaFlamme, Barron & Chabot
114 Kenoza Avenue
Haverhill, MA 01830
(978) 521-4737

I hereby certify that a true copy to the above document was served upon each party appearing pro se and the attorney of record for each other party by mail (hand) on _2/25_ 20 _04_
LAFLAMME
BARRON & CHABOT

3